HARDY, Judge.
Plaintiffs, husband and wife, lessees of defendant, sue for the recovery of medical expenses and damages for personal injuries sustained by the wife as the result of a fall on the allegedly defective front steps of the leased house in the City of Shreveport, Caddo Parish, Louisiana. Plaintiffs sought recovery of the sum of $53 for medical expenses allegedly expended or to be expended by the husband and $425 for injuries, pain and suffering on the part of the wife. After trial there was judgment in favor of the plaintiff husband in the sum of $33 and the wife in the sum of $100, from which judgment the defendant has appealed. Plaintiffs have answered the appeal, seeking an increase in the judgment to the amount prayed.
The matter before us involves purely a question of fact and the very brief record of testimony unquestionably establishes plaintiffs’ claim that the wife sustained a fall by reason of a defective step at the front entrance of the leased premises for which the owner and lessor would be liable. An effort was made to establish the fact that the alleged defect existed in the back steps rather than at the front entrance where the plaintiff wife claims to have been injured, but we think, as did the trial Judge, that the evidence clearly preponderates in behalf of plaintiffs’ contention.
The only other point involved is with respect to the quantum. The testimony bearing upon the injury is somewhat vague. Plaintiff wife claims that she sustained a severely sprained thumb which prevented her from doing any work for a period of some three months more or less, but it appears from the testimony of her attending physician that the injury was partially rather than totally disabling. The trial Judge allowed the sum of $100 and, in the light of the testimony, we cannot conclude that this sum was inadequate.
On The Motion To Dismiss Suspensive Appeal.
Plaintiffs filed in the lower court a motion to dismiss the suspensive appeal of de *862 fendant on the ground that the same had been filed too late. This motion was disallowed by the trial Judge on the ground of lack of jurisdiction but it has been refiled and is now urged before this court.
The minutes of the trial court show that judgment was signed on the 14th day ■of March, 1951, and the order for the granting of a suspensive appeal was issued on the 27th day of March, 1951. As contended by plaintiffs it is obvious that the order came too late, being more than ten days after the signing of judgment, excluding Sundays. On the ba-sis of these facts it is evident that the suspensive appeal should be dismissed. We are constrained to consider whether or not the filing of the answer to appeal on the part of plaintiffs would have the effect ■of waiving the objection to the suspensive appeal. However, in view of the fact that the devolutive appeal must be maintained, and the dismissal of the suspensive appeal only has the effect of permitting tire execution of judgment, we do not think it neces.sary to enter into a consideration of this point.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.